IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CAROL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08 CV 4342 |
| | ) | |
| AMERICAN CANADIAN CARIBBEAN | ) | Judge Andersen |
| LINE, INC. and *The Grande Mariner,* | ) | |
| | ) | Magistrate Judge Cox |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW**

**NOW COMES** Defendant, American Canadian Caribbean Line, Inc., ("American Canadian") by and through its attorneys, Belgrade and O'Donnell, P.C., and for its answer to Plaintiff's Complaint at Law, states as follows:

1.      This is a complaint by a passenger aboard a cruise ship against the cruise ship and cruise line for personal injuries sustained when she was caused to be injured as a result of the Defendants' negligence.  Jurisdiction in this cause is proper pursuant to 28 USCA § 1333 this being a question arising out of Federal Law under maritime jurisdiction.

**ANSWER:**     American Canadian does not contest jurisdiction in this matter.  Answering further, American Canadian admits that Plaintiff has filed a complaint and said complaint speaks for itself.  American Canadian denies the rest and remaining allegations contained in Paragraph 1, insofar as they have not been admitted and specifically denies that it has any liability under maritime law or any other applicable law.

2.      The Defendant, AMERICAN CANADIAN CARIBBEAN LINE, INC., (hereinafter "AMERICAN CANADIAN"), is a cruise line who is in the business of owning, operating, and maintaining a fleet of passenger cruise liner vessels, including *The Grande Mariner*, which it used to transport passengers throughout the navigable waters of these United States and whose principle place of business is in the state of Rhode Island and is located at 461 Water Street, P.O. Box 368, Warren, Rhode Island 02885.

**ANSWER:**   The allegations contained in Paragraph 2 contain conclusions of law and, therefore, require no response.  Answering in the alternative and to the extent that an answer is deemed required, American Canadian admits only that it owns and operates certain vessels, including but not limited to M/V Grande Mariner, which transport passengers on certain navigable waters throughout the United States and that its principle place of business is at 461 Water Street, P.O. Box 368, Warren, Rhode Island 02885.  This defendant denies the rest and remaining allegations contained in Paragraph 2 insomuch as they have not been admitted.

3.     Prior to August 3, 2007, the Plaintiff, CAROL MILLER, paid a consideration to participate in the Elderhostel's Lake Michigan & Beyond; A Nautical Adventure program sponsored by Central Michigan University.

**ANSWER:**   American Canadian lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 3 and, therefore, neither admits nor denies same but demands strict proof thereof.

4.     Accordingly, at all times relevant hereto the Plaintiff, CAROL MILLER, was a contract passenger for hire and an invitee upon the Defendant's cruise liner vessel, *The Grande Mariner*, within the intendment of the General Maritime law and/or Admiralty law.

**ANSWER:**   The allegations contained in Paragraph 4 contain conclusions of law and, therefore, require no response.  Answering in the alternative and to the extent that an answer is deemed required, on information and belief, American Canadian admits only that Plaintiff was a passenger aboard M/V Grande Mariner.  Further answering in the alternative, this defendant denies the rest and remaining allegations contained in Paragraph 4 insomuch as they have not been admitted.

5.     On August 2, 2007, the Plaintiff, CAROL MILLER boarded *The Grande Mariner* at Chicago, Illinois for an eight day cruise on the navigable waters of the Great Lakes with intended stops in Manistee, Michigan, Holland, Michigan, Beaver Island, Michigan, Marle, Michigan, Sturgeon Bay, Wisconsin, Mackinac Island, Michigan, and with a return stop back to port in Chicago, Illinois.

**ANSWER:**   On information and belief, American Canadian admits the allegations contained in Paragraph 5.

6.   On August 3, 2007, the Plaintiff, CAROL MILLER, was aboard the Defendant's aforementioned vessel when she was caused to slip and fall in her stateroom.

**ANSWER:**   American Canadian lacks sufficient information and knowledge to either admit or deny the allegations contained in Paragraph 6 but demands strict proof thereof. Answering in the alternative, American Canadian denies the allegations contained in Paragraph 6.

7.   Pursuant to the General Maritime Law of the United States of America, Defendants have the absolute and nondelegable duty to provide Plaintiff's with safe accommodations, free from hidden and dangerous defects, a seaworthy vessel, appurtenances, a seaworthy crew, and to provide Plaintiff with a vessel reasonably fit for its intended purpose. The Plaintiff, CAROL MILLER specifically alleges that the Defendant breached its duty to provide the Plaintiff with a safe accommodation.

**ANSWER:**   The allegations contained in Paragraph 7 contain conclusions of law and, therefore, require no response. Answering in the alternative and to the extent that an answer is deemed required, American Canadian denies the allegations contained in Paragraph 7.

8.   The proximate cause of the above-described fall was the fault, want of care, attention and skill, negligence and inadvertence of the Defendant, aboard the Defendant's aforementioned vessel, either individually or concurrently in the following non-exclusive respects:

   a. Breach of a legally imposed duty of reasonable care owed by the Defendant to the Plaintiff, CAROL MILLER;

   b. Failure to provide a reasonably safe place for the passengers aboard [sic] the Grande Mariner to enter and exit the bathroom;

   c. Failure to take precautions for the safety of passengers and others aboard the Defendant's cruise liner vessel;

   d. Failed to warn the Plaintiff and others of the dangerous condition of the threshold and/or bulkhead that existed outside of the bathroom when the Defendant knew or through the exercise of reasonable care should have known that the Plaintiff and others were likely to trip and fall while entering and exiting the bathroom in said area;

3

  e. Failed to protect the plaintiff, CAROL MILLER, as she engaged in a reasonable activity aboard the Defendant's vessel which created an unreasonably dangerous environment, thus presenting an unreasonable risk of harm in regards to the matter of control of the environment where passengers frequently walk;

  f. Failed to provide a non-skid surface within and on the floor of the Plaintiff's stateroom and adjacent bathroom facility;

  g. Failed to provide adequate grip and hand holds within the adjacent stateroom bathroom so as to protect the Plaintiff and other elderly passengers from injuries due to slip and falls while in said stateroom and bathroom.

**ANSWER:** American Canadian denies the allegations contained in Paragraph 8, subsections (a) – (g) inclusive.

 9. As a direct and proximate result and in consequent of one or more of said negligent acts by the Defendants, the Plaintiff, CAROL MILLER was caused to slip and fall as she was exiting the bathroom of her stateroom and thereby was caused to suffer severe and permanent injuries including multiple fractures to her right ankle which required her to undergo hospitalization and surgery; and as a result of her said injuries the Plaintiff has suffered and with reasonable certainty will continue to suffer great pain and discomfort; and she has been and will be hindered from attending to her affairs and duties and she has incurred and will in the future continue to become liable for the care and treatment of her said injuries.

**ANSWER:** American Canadian denies the allegations contained in Paragraph 9.

## AFFIRMATIVE DEFENSES

Without prejudice to its denials and any and all other statements made in this Answer to Plaintiff's Complaint at Law, Defendant, American Canadian Caribbean Line, Inc., states as its Affirmative Defenses to Plaintiff's Complaint, the following:

## FIRST AFFIRMATIVE DEFENSE

 1. It was the duty of Plaintiff Carol Miller ("Miller"), before and at the time of the occurrence alleged in her Complaint at Law, to exercise due care and caution for her own safety and in a manner so as not to injure or cause injury or damages to herself.

 2. Notwithstanding said duty, and in breach thereof, Miller was guilty of one or more of the following acts or omissions of negligence, misconduct and/or fault:

4

       a. Failed to exercise due care to avoid the condition of which she now complains;
       b. Failed to take precautions in the face of an open and obvious condition;
       c. Failed to exercise due care and caution for her own safety, and;
       d. Was otherwise careless and negligent in causing her own injuries.

3.     The aforementioned negligence, misconduct and/or fault of Miller contributed, in whole or in part, to proximately cause the alleged injuries and damages for which she seeks recovery.

4.     As a result of the negligence, misconduct and/or fault of Miller, she is precluded from recovering from Defendant American Canadian, or in the alternative, any damages awarded to Miller shall be diminished in proportion to the amount of negligence, misconduct and/or fault attributable to Miller.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is insufficient in fact, insufficient in law and otherwise fails to state a cause of action upon which relief may be granted, for reasons including, but not limited to, the fact that a cruise boat operator does not have a duty to protect passengers from the normal, expected movement of a vessel as it cruises.

## THIRD AFFIRMATIVE DEFENSE

1.     Any passengers aboard M/V Grand Mariner were subject to the "Passenger Terms and Conditions" provided as Exhibit 3 of the Charter Agreement between American Canadian and Elderhostel, Inc.

2.     A time limitation clause in said Agreement provides that American Canadian is not responsible for any claim for bodily injury unless written notice giving full particulars of the claim is delivered to American Canadian within six months.

3.     Plaintiff failed to notify American Canadian in writing of her alleged injury within six months of the occurrence and, therefore, this matter is time barred.

**WHEREFORE**, Defendant American Canadian Caribbean Line, Inc. denies that Miller is entitled to judgment in any amount and prays that this Court dismiss with prejudice the Complaint filed by Carol Miller and award American Canadian Caribbean Line, Inc. its costs.

### DEFENDANT DEMANDS TRIAL BY JURY

                                      **AMERICAN CANADIAN CARIBBEAN LINE, INC.**

                                      By: /s/: Allison S. Eastland
                                            One of their Attorneys

Steven B. Belgrade
John A. O'Donnell
Allison S. Eastland
**Belgrade and O'Donnell, P.C.**
20 N. Wacker Drive, Suite 1900
Chicago, Illinois 60606
(312) 422-1700